### BOOTH v. BARRON et al.

(Supreme Court, Appellate Division, Fourth Department. May 7, 1898.)

1. PRINCIPAL AND AGENT—LIABILITY TO THIRD PARTIES.

Where materials are furnished, and charged to the agent of an undisclosed principal, the creditor may, after discovering the facts, hold either the principal or agent, at his election, but he cannot divide his claim, and hold both as principal debtors, the one for a part and the other for the remainder of the debt.

2. ELECTION OF REMEDIES.

Where a creditor brings an action against the agent of an undisclosed principal, with knowledge of the facts, for the recovery of a part of his claim, he thereby elects to hold the agent as principal debtor, and cannot thereafter maintain an action against the principal for the remainder.

3. MECHANIC'S LIEN—FORECLOSURE.

An action for the foreclosure of a mechanic's lien is governed by the rules applicable to actions for money only, in so far as it is for the recovery of a personal judgment.

Appeal from special term.

Action by George M. Booth against Jeanette P. Barron and husband. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

George C. Miller, for appellants.
William L. Jones, for respondent.

PER CURIAM. This action was begun March 15, 1897, for the foreclosure of a mechanic's lien, and the recovery of a judgment against the appellant for the amount of the claim. November 23, 1895, the appellant acquired the fee of two lots on the east side of Crescent avenue, in the city of Buffalo. Her husband owned the

next lot south. These lots are known in this litigation as Nos. 1, 2, and 3. The north lot is No. 1, the next south is No. 2 (both owned by the appellant), and the south lot is No. 3 (owned by the appellant's husband). In 1895 the owners began the erection of three houses on these lots. The house on lot No. 3 was first constructed, the plaintiff furnishing the glass therefor. January 1, 1896, Fletcher J. Barron submitted to the plaintiff a proposition for glazing houses 1 and 2, whereupon the plaintiff undertook to furnish and set the glass. In the early part of 1896 the plaintiff furnished the materials and performed the labor necessary to complete the work on these two houses, all of which was charged by the plaintiff in one account against Fletcher J. Barron. The account not being paid, the plaintiff took steps to file a mechanic's lien, and in the course of his investigation, and on or about December 30, 1896, he discovered that the title to houses Nos. 1 and 2 was in the appellant. On house No. 2 he had furnished some materials and performed some labor within 90 days preceding December 30, 1896, and he thereupon divided the account as nearly as he could, and charged to house No. 2 the materials furnished therefor, and the labor in putting the materials in place, and filed a lien, which this action was brought to foreclose. On the trial the court found that the plaintiff had a lien for $1.40 for setting a few panes of glass which had been broken out of the house within 90 days preceding the filing of the lien, for which sum a foreclosure was ordered. The court also ordered a personal judgment against the appellant for the remainder of the account. She paid the $1.40, and appealed from the remainder of the judgment.

The materials furnished and labor performed on the two houses were done under a contract between the plaintiff and Fletcher J. Barron, the husband of Jeanette P. Barron, who owned the houses. The services rendered and goods furnished were charged against the husband in one account. December 30, 1896,—some time after all the materials had been furnished and work performed,—the plaintiff discovered that the wife owned the property, and was in fact the principal debtor, which fact the husband had concealed, or at least had not disclosed to the plaintiff. On discovering this fact, the plaintiff had the right to hold the agent (the husband) or the undisclosed principal (the wife) liable, but could not hold both liable as principal, nor could he hold one liable for part of the demand and the other for the remaining part thereof as principal debtor. March 11, 1897, the plaintiff began an action in the supreme court against the husband for the recovery of the part of the demand for the materials and labor which had been furnished under a single contract for the two houses, separating the items which he thought were properly charged to No. 1, and bringing his action thereon. By this action the plaintiff elected to hold the husband liable as principal debtor, and, having made his election with full knowledge of the facts, is bound by it, and cannot maintain an action against the wife for the recovery of the remainder due upon the contract. This action, though in form one for the foreclosure of a mechanic's lien, in so far as it is for

the recovery of a personal judgment is governed by the rules applicable to actions for the recovery of money only. The plaintiff, having elected to hold the husband liable as principal debtor for a portion of the account, cannot split his demand, and hold the wife liable as principal debtor for the remainder thereof.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.